James Robert DAVIDSON, Plain-
tiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13875.

Court of Criminal Appeals of Oklahoma.

April 20, 1966.

Sid White, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

James Robert Davidson, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Burglary Second Degree. He was tried by a jury, found guilty, and sentenced to Five Years in the penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, moving that this cause be dismissed for lack of jurisdiction.

█ It appears from the record that judgment and sentence was rendered on June 4, 1965. Under the new statute, the defendant was required to give written notice in open court of his intention to appeal, and request for casemade within Ten Days thereafter. After said written notice of intent to appeal, and request for casemade is given, defendant would automatically have Six (6) months to file his appeal in a felony case in this Court. Title 22, O.S.A. §§ 1054, 1060, effective May 19, 1965.

█ This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory. See, Masters v. State, Okl.Cr. 408 P.2d 801.

█ Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant case, this Court lost jurisdiction on June 14, 1965, ten days after judgment and sentence, and the trial judge should have carried out the judgment at that time.

The Motion to Dismiss by the State is hereby Sustained, and the attempted appeal is hereby dismissed.

BRETT, J., and BUSSEY, P. J., concur.