Ray B. LITTLETON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13956.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Rehearing Denied Oct. 3, 1966.

Charles W. Adams, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Ray B. Littleton, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County, with the offense of Burglary in the Second Degree After Former Conviction of a Felony, found guilty, and on September 27, 1965, was sentenced to 23 years imprisonment in McAlester.

Thereafter, on the 25th day of March, 1966, Petition in Error with Casemade attached, was filed in this Court and oral argument was set on the State's Motion to Dismiss and Response thereto. The State's Motion to Dismiss is based upon the failure of defendant to file notice of intent to appeal in writing, and request a casemade within ten days after the rendition of judgment and sentence. The situation here presented is identical with that presented in Davidson v. State, Okl.Cr., 413 P.2d 729, wherein this Court held:

"1. While an appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory.

2. In order to perfect an appeal from a judgment of conviction in a criminal case, it is mandatory that notice of intent to appeal and request for casemade, both in writing, be given in open court at the time of judgment and sentence, or within ten days thereafter. Title 22, O.S.A. § 1060, effective May, 1965.

3. A failure to give such written notice of intention to appeal and request for casemade within the time provided by statute, is fatal to the appeal, for the Court of Criminal Appeals has no jurisdiction to hear and determine appeal on its merits.

4. Inasmuch as no written notice or request for casemade was given within the time prescribed in the instant case, Court of Criminal Appeals could not have acquired jurisdiction after * * *, ten days after judgment and sentence, and trial judge should have carried out judgment at that time."

In accordance with Davidson v. State, supra, the Motion to Dismiss by the State is hereby sustained, and the attempted appeal is hereby dismissed.

NIX and BRETT, JJ., concur.