Joe Charles **AVANTS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–13947.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1966.

Rehearing Denied Oct. 3, 1966.

James P. Goeppinger, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Joe Charles Avants, hereinafter referred to as the defendant, was charged in the District Court of Tulsa County with the crime of Carrying Firearm After Former Conviction of a Felony. He was tried by a jury, found guilty, and sentenced to ten years in the penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, which is based upon the failure of defendant to file notice of intent to appeal in writing and request a casemade within ten days after the rendition of judgment and sentence.

It appears from the record that judgment and sentence was rendered on September 21, 1965. Under 22 Okl.St.Ann. §§ 1054 and 1060, the defendant was required to give written notice in open court of his intention to appeal, and request for casemade within ten days thereafter. After said written notice of intent to appeal, and request for casemade is given, defendant would automatically have six months to file his appeal in a felony case in this Court.

This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory. See Masters v. State, Okl.Cr., 408 P.2d 801; Davidson v. State, Okl.Cr., 413 P.2d 729.

Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant case, this Court lost jurisdiction on November 1, 1965, ten days after judgment and sentence, and the trial judge should have carried out the judgment at that time.

The Motion to Dismiss by the State is hereby Sustained, and the attempted appeal is hereby dismissed.

NIX and BRETT, JJ., concur.